| | |
|---|---|
| 1 | **BRYAN CAVE LLP** |
| 2 | Marcy J. Bergman, California Bar No. 75826 |
|   | Deborah A. Goldfarb, California Bar No. 241942 |
| 3 | 2 Embarcadero Center, Suite 1410 |
| 4 | San Francisco, CA 94111 |
|   | Telephone: (415) 675-3400 |
| 5 | Facsimile: (415) 675-3434 |
| 6 | Email: marcy.bergman@bryancave.com |
|   |         deborah.goldfarb@bryancave.com |
| 7 | |
| 8 | Attorneys for Plaintiff |
|   | AIRWAIR INTERNATIONAL LTD. |
| 9 | |
|   | Yakub Hazzard, Bar No. 150242 |
| 10| YHazzard@rkmc.com |
|   | David Martinez, Bar No. 193183 |
| 11| DMartinez@rkmc.com |
|   | ROBINS, KAPLAN, MILLER & CIRESI L.L.P. |
| 12| 2049 Century Park East, Suite 3400 |
|   | Los Angeles, CA 90067-3208 |
| 13| Telephone: (310) 552-0130 |
|   | Facsimile: (310) 229-5800 |
| 14| |
|   | Attorneys for Defendants |
| 15| FOREVER 21, INC., FOREVER 21 LOGISTICS, LLC, and FOREVER 21 RETAIL, INC. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom, | Case No. 09-3575-SI |
| | Assigned to: Judge Illston |
| Plaintiff, | |
| vs. | JOINT REPORT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(F) |
| FOREVER 21, INC.; FOREVER 21 LOGISTICS, LLC; FOREVER 21 RETAIL, INC., | |
| | **SCHEDULING CONFERENCE:** |
| Defendants. | |
| | DATE: November 13, 2009 |
| | TIME: 2:30 p.m. |
| | CTRM: 10, 19th Floor |

The parties hereby submit this Joint Report (the "Report") pursuant to Federal Rules of Civil Procedure ("F.R.Civ.P."), Rule 26(f) and the Court's Order Setting Scheduling Conference (the "Court's Order").

## I. F.R.CIV.P. 26(F)

On November 4, 2009, the parties met and conferred pursuant to F.R.Civ.P. 26(f) and the Court's Order regarding a discovery plan, and considered the nature and basis of their claims and the defenses and the possibilities for promptly settling or resolving the case.

## II. JURISDICTION AND SERVICE

The Court has jurisdiction under 15 U.S.C. section 1121 and 28 U.S.C. section 1338(a), in that this case arises under the trademark laws of the United States. There are no issues regarding personal jurisdiction. Plaintiff believes venue is proper in this Court because Defendants operate several stores in the Northern District of California. Defendants believe that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1404. All parties have been served.

## III. FACTS

Plaintiff alleges it is the manufacturer and worldwide distributor of Dr. Martens® brand footwear and holds several incontestable trademark registrations in the United States Patent and Trademark Office for its distinctive trade dress. Dr. Martens trade dress has been used consistently on its footwear since 1960 and is world famous. Dr. Martens footwear with its distinctive trade dress that features yellow stitching in the welt area of the sole and a two-tone grooved sole edge, and a distinctive undersole pattern consisting of a unique horizontal grid pattern (the "Trade Dress") has been sold in the United States since 1984. Millions of pairs of Dr. Martens shoes and boots bearing its Trade Dress have been sold in the United States.

Plaintiff further alleges that Defendants Forever 21, Inc.; Forever 21 Logistics, LLC; Forever 21 Retail, Inc. (collectively referred to as "Forever 21")

manufacture and sell footwear in the United States at their company stores and website. Plaintiff contends that Forever 21 has sold footwear that is confusingly similar to the famous Dr. Martens footwear in its overall configuration, including prominent yellow color stitching in the welt area, a two tone grooved sole edge, and an undersole pattern virtually identical to the unique Dr. Martens undersole pattern (DMS undersole pattern). Plaintiff further contends that Forever 21 intentionally copied the famous Dr. Martens Trade Dress in an attempt to trade on the good will developed over more than 25 years of sales, advertising and promotion by Plaintiff.

Plaintiff contends that Forever 21 has sold thousands of pairs of the infringing shoes and boots in the United States. Plaintiff claims that it has been damaged by the sales of infringing footwear in an amount to be determined and believes that Forever 21 has earned substantial profits through sales of infringing footwear directly to consumers and to other retailers.

Forever 21 denies Plaintiff's claims and allegations of infringement, dilution and/or unfair competition. Further, Forever 21 has informed Plaintiff that it has sold 1,024 pair of the footwear and that it has received that it has received gross profits on units sold of $15,345 on total revenue of $25,329.26. Forever 21 has further informed Plaintiff that it has recalled 774 pairs of the footwear that remained in its inventory and has discontinued selling the footwear.

### IV. LEGAL ISSUES

The parties currently dispute whether Forever 21's footwear is confusingly similar to, and thus infringe upon, Plaintiff's footwear and registered Trade Dress, whether Plaintiff's Trade Dress is protectable and whether Forever 21 has diluted Plaintiff's Trade Dress or engaged in unfair competition.

### V. MOTIONS

Plaintiff anticipates filing a motion for summary judgment after completion of discovery. Forever 21 anticipates filing a motion for change of venue if the parties

are unable to resolve their dispute through ADR, and further anticipates filing a motion for summary judgment at the close of discovery.

## VI. AMENDMENT OF PLEADINGS

No amendment is anticipated.

## VII. EVIDENCE PRESERVATION

The parties have agreed to take all necessary steps to ensure that no electronic or physical evidence relevant to the issues of this case will be destroyed.

## VIII. PRETRIAL DISCLOSURES

The parties have been engaged in substantive settlement discussions. As a result of this effort, the exchange of initial disclosures has been delayed. The parties anticipate completing the exchange of initial disclosures by December 4, 2009, subject to the entry of a protective order.

## IX. DISCOVERY PLAN – F.R.CIV.P. 26(F)(3)

A. **Initial Disclosures**

The parties will exchange initial disclosures, including the computation of damages, on or before December 4, 2009, subject to the entry of a protective order.

B. **Subjects on Which Discovery May be Needed**

1) Design and manufacture of Defendants' footwear;

2) Trademark clearing by Defendants in connection with the subject footwear;

3) The likelihood of consumer confusion involving the Plaintiff's marks and the Defendants' marks;

4) Sale of Defendants' footwear to consumers and retailers in the United States and abroad;

5) Marketing, advertising and promotion of the footwear products identified in the Complaint and any other styles of footwear that include or incorporate Plaintiff's Trade Dress features.

6) Evidence relevant to Plaintiff's claim of infringement, dilution

and unfair competition and its alleged damages; and

       7)     Evidence relevant to Plaintiff's creation and use of its Trade Dress.

These areas of discovery are preliminary and without limitation and the scope of the parties' discovery may change as the case progresses. At this time, neither a discovery order nor a discovery conference appear necessary.

### C. Electronically Stored Information

Electronically stored discoverable information shall be produced by a party in electronic format with all metadata and other information intact and readable.

## X. CLASS ACTIONS

Not applicable.

## XII. RELATED CASES

There are currently no pending related cases.

## XIII. RELIEF

Plaintiff seeks injunctive relief preventing Defendants from selling or offering to sell infringing footwear. Plaintiff also seeks damages, in an amount to be determined after discovery, measured by profits earned by Defendants on the sale of infringing footwear. Plaintiff also seek treble damages and attorneys' fees under the Lanham Act for willful infringement of Plaintiff's famous registered Trade Dress.

## XIV. SETTLEMENT AND ADR

The parties have engaged in informal settlement discussions and have exchanged settlement offers. They have, however, been unable to reach a settlement. The parties are scheduled to have a conference on November 9, 2009 regarding an appropriate ADR mechanism. The parties believe that the exchange of additional information will facilitate their settlement efforts.

## XV. CONSENT TO MAGISTRATE JUDGE

The parties have not consented to a magistrate judge to conduct all further proceedings in this matter.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

## XVI. OTHER REFERENCES

Not applicable.

## XVII. NARROWING OF ISSUES.

None at this time.

## XVIII. EXPEDITED SCHEDULE

None at this time.

## XIX. SCHEDULING

| | |
|---|---|
| Non-expert Discovery Cut-Off: | July 2, 2010 |
| Expert Witness Disclosure and Reports: | July 30, 2010 |
| Rebuttal Expert Witness Disclosure and Reports: | August 20, 2010 |
| Expert Discovery Cut-Off: | September 17, 2010 |
| Dispositive Motion Filing Deadline: | October 22, 2010 |
| Pretrial Conference: | January 18, 2011 |
| Trial: | January 25, 2011 |

## XX. TRIAL

The parties have made a demand for a jury trial. The trial is expected to last approximately five to seven (5-7) days.

## XXI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed its Certifications of Interested Parties or Persons. Pursuant to Civil L.R. 3-16, and as stated in the Certification, the following listed persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Plaintiff Airwair International Ltd., a party to this action is a wholly owned subsidiary of R Griggs Group Ltd..

2. Defendant Forever 21, Inc. is a party to this action.

3. Defendant Forever 21 Logistics, LLC is a party to this action.

4. Defendant Forever 21 Retail, Inc. is a party to this action.

5. Elis LLC

## XXII. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.

None identified at this time.

Dated: November 6, 2009                Respectfully submitted,


**BRYAN CAVE LLP**

By: ___/S/ Marcy J. Bergman___
      Marcy J. Bergman

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

DATED: November 5, 2009              **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: ___/S/ Yakub Hazzard___
      Yakub Hazzard
      David Martinez

Attorneys for Defendants FOREVER 21, INC.; FOREVER 21 LOGISTICS, LLC; FOREVER 21 RETAIL, INC.

## PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, California 94111-3907.

On November 6, 2009, I served the following document(s) JOINT REPORT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(F)

on the party(s) listed on the attached service listed obtained from Pacer for the United States District Court, Northern District of California.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I caused to be placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER:** I caused document(s) to be hand delivered via Western Messenger to party by close of business day today.

☐ **BY UNITED STATES MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

☒ **BY ELECTRONIC SERVICE:** I caused the documents to be sent electronically via the USDC Northern District of California's electronic filing and service.

///

///

///

☐  **BY FAX TRANSMISSION:** I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2009, at San Francisco, California.

*[signature]*
Stephen J. Miller

**3:09-cv-03575-SI**

Airwair Internationl Ltd. v. Forever 21, Inc. et al
Susan Illston, presiding

# Attorneys

**David Martinez**
Robins Kaplan Miller & Ciresi L.L.P.
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
310-552-0130
310-229-5800 (fax)
dmartinez@rkmc.com

representing

Forever 21 Logistics, LLC
*(Defendant)*

Forever 21 Retail, Inc.
*(Defendant)*

Forever 21, Inc.
*(Defendant)*